## Case No. 16,523.

### UNITED STATES v. TILDEN.

[21 Law Rep. 598; 1 West. Law Month. 163.]

Circuit Court, D. Massachusetts. 1859.

OFFENCES AGAINST POSTAL LAWS– CARRYING LETTER NOT IN MAILS—INFORMATION—RIGHTS OF INFORMERS—PENAL STATUTES.

1. An information under the post office act of 1845 (5 Stat. 736), for carrying a letter out of the mail, need not negative the fact that it was stamped. The act of 1852, which allows stamped letters to be so carried, merely furnishes matter of defence.

2. Where a statute creates a new offence, and affixes a specific pecuniary penalty, appropriating one half thereof to the informer, it adopts, by implication, those remedies by which alone the informer can sue.

3. Although, in the absence of an informer, the government may have judgment for the whole, yet this does not authorize a proceeding by indictment.

This was an indictment [against Francis Tilden], founded on the 10th section of the post office act of March 3, 1845 (5 Stat. 736). The first count, to which the others were similar, was as follows:

"The jurors of the United States of America, within and for the district aforesaid, upon their oath, present that Francis Tilden, of Easton, in said district, railroad conductor, on the eighteenth day of April, in the year one thousand eight hundred and fifty-seven, then and there being the conductor of a certain railroad car, and then and there having the charge thereof at the time, and not then and there being the owner thereof, in whole or in part, said car then and there performing regular trips, at stated periods, on a post-route, to wit,—on a certain railroad then and there made and completed, called the 'Easton Branch Railroad,' and on one other certain railroad then and there made and completed, called the 'Stoughton Branch Railroad,' and on one other certain railroad then and there made and completed, called the 'Boston and Providence Railroad,'—did, after the third day of March, in the year one thousand eight hundred and forty-five, to wit,—on the eighteenth day of April, in the year one thousand eight hundred and fifty-seven, on said railroad car, then and there performing regular trips as aforesaid over the said railroads as aforesaid, the same then and there being post-routes as aforesaid, he, the said Tilden, then and there having charge at the time of said car,—transport and convey a certain letter otherwise than in the mail, on said post-routes from the said town of Easton to the said city of Boston, said letter then and there being mailable matter, and not then and there being a newspaper, pamphlet, magazine, or periodical, and not then and there relating to any article at the same time conveyed in and by said railroad car, whereof the said Tilden was then and there conductor, and then and there had charge as aforesaid."

The defendant moved to quash the indictment, for causes stated in the opinion of the court.

C. T. Russell, for the motion.

Mr. Woodbury, Dist. Atty., contra.

CURTIS, Circuit Justice. The objection that the indictment should have negatived the fact that the letter transported by the defendant bore a stamp, cannot be sustained. The act of August 31, 1852, § 8 (10 Stat. 142), which allows stamped letters to be carried out of the mail, does not repeal any part of the enacting clause on which this indictment is founded. Its true office is to engraft on the existing law a clause in the nature of a proviso, which may furnish matter of defence, but need not be noticed in an indictment. The case cannot be distinguished from that of The Aurora, in 7 Cranch [11 U. S.] 382, where one act inflicted a forfeiture, and a subsequent act provided that it should not be inflicted if the property belonged to a citizen of the United States. It was held to be unnecessary to negative the citizenship of the owner, it being matter of defence to be shown by him. See also, Two Hundred Chests of Tea, 9 Wheat. [22 U. S.] 430; Com. v. Hart, 6 Law Rep. (N. S.) 79.

The other objection is that only an action or information for the penalty lies, and not an indictment. The 10th section, on which the indictment is rested, after declaring that it shall not be lawful for certain persons to do certain acts, enacts that one class of persons, of whom the defendant is alleged to be one, "shall forfeit and pay in every such case of offence, the sum of fifty dollars." The 17th

section provides "that all pecuniary penalties and forfeitures, incurred under this act, shall be one half for the use of the person or persons informing and prosecuting for the same, and the other half to the use of the United States." It is laid down by Mr. Justice Story in Ex parte Marquand [Case No. 9,100], that at common law, wherever a penalty is given, and no appropriation or method of recovery is prescribed by the act, an action or information of debt lies, and not an indictment. Though he does not so qualify the proposition in terms, he was speaking of a case where the statute alone prohibited the act, which was lawful before, and at the same time annexed a pecuniary penalty as the only punishment for its commission. In such a case Rex v. Malland, 2 Strange, 828, is in point, and I am not aware that it has been overruled. But it is not necessary to determine this case upon that ground. It has been settled since Castle's Case, Cro. Jac. 644, that when a statute creates a new offence, and appoints a specific remedy, by a particular method of proceeding, that method and no other must be pursued. And accordingly, when a statute creates a new offence, and affixes a specific penalty, one half to be to the use of the king, the other half to the use of any such person as will sue for the same by writ, &c., no indictment lies. Rex v. Wright, 1 Burrows, 543. See, also, U. S. v. Simms, 1 Cranch [5 U. S.] 252; Wiley v. Yale, 1 Metc. (Mass.) 553; Rex v. Robinson, 2 Burrows, 803. This statute creates a new offence and affixes a specific pecuniary penalty; it also appropriates that penalty, one half to the United States, and one half to the use of the person informing and prosecuting for the same. It does not declare how the informer is to prosecute for the same. Nor was it needful to do so; because it was already a part of our law, that when a statute gives part of a penalty to any one who will sue for the same, an action or information of debt is the proper remedy. Bac. Abr. tit. "Actions Qui Tam" (A); Chit. Pl. 112. When, therefore, this statute appropriates one half the penalty to the use of him who informs and prosecutes for the same, it does, in effect, by a necessary implication, adopt those particular remedies which appropriately belong to the common informer, and by which alone he can prosecute for the same.

It is true that if no informer does prosecute, the attorney of the United States may have a judgment for the entire penalty to the use of the United States. 2 How. P. C. c. 25, § 20; Rex v. Hymen, 7 Durn. & E. [7 Term R.] 536; Com. v. Howard, 13 Mass. 221. But whether the information name an informer or not, only affects the mode of rendering the judgment; the absence of an informer does not authorize a change in the nature of the remedy, and the substitution of one not contemplated by the legislature.

Let an order be entered to quash the indictment.